LABORDE, Judge.
On December 17, 1984, the defendant, Michael Gradney, was charged by bill of information with armed robbery of a Wizard Fast Stop convenience store in Calca-sieu Parish. The defendant pleaded not guilty. The defendant filed, among other motions, a Motion for Discovery. The state answered and filed a request for Notice of Alibi which the defendant answered.
*474 The defendant was found guilty as charged by a jury on March 22, 1985. The defendant, having also been charged by bill of information with being a habitual offender, was found to be a second offender and sentenced to serve 33 years in the custody of the Department of Corrections without benefit of probation, parole, or suspension of sentence.
The defendant timely files this appeal. No brief has been filed by the state — appel-lee.
FACTS
On November 25, 1984, at approximately 11:30 p.m., the Wizard Fast Stop convenience store, located at 2027 Highway 171 in Lake Charles, Calcasieu Parish, Louisiana, was the object of an armed robbery. The victim, cashier Carolyn Skinner, identified the robbers as two black males, one approximately 5'2", 130 pounds, the second approximately 5'3", 125 pounds. The second assailant was wearing a bag over his head for disguise. Ms. Skinner subsequently identified the defendant, from a photographic lineup, as well as in court at trial, as the one without the mask.
The convenience store was equipped with a video tape monitor directed toward the cashier; thus, the robbery was filmed. Detective Antonio Rogers viewed the film after the robbery and identified the defendant as one of the robbers. It was on the basis of this identification that the defendant’s photograph was placed in a lineup for Ms. Skinner to view. Detective Rogers also testified that the video tape showed the defendant to be one of the robbers. The video tape was also shown to the jury.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments of error, the defendant contends that the trial court abused its discretion in allowing prosecution witnesses to give testimony tending to place the defendant at the scene of the crime. He argues that the state failed to supply notice of the witnesses it intended to rely upon to establish the defendant’s presence at the scene of the crime, as required by La.C.Cr.P. art. 727B, where the defendant had provided the statement of the notice of alibi upon the state’s request.
La.C.Cr.P. art. 727B provides:
“Within ten days thereafter [after notice of alibi is served upon the district attorney], but in no event less than ten days before trial, unless the court otherwise directs, the district attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant’s presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant’s alibi witnesses.”
The sanction for the violation of this rule is found in Article 727D, which provides in part:
“Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant’s absence from or presence at, the scene of the alleged offense.”
(Emphasis added).
It is clear from the record that the district attorney failed to comply with the requirements of Article 727B. After the defendant served the notice of alibi upon the district attorney at the request of the state, no subsequent notice, as required by Article 727B, was ever served upon the defendant.
The trial court, over the defendant’s objections, declined to exercise the sanction authorized by Article 727D and allowed the testimony of Carolyn Skinner and Antonio Rogers, which placed the defendant at the scene of the offense.
The trial court’s power to exclude testimony based on a violation of Article 727 is discretionary — the article provides that the court may exclude testimony. Furthermore, if it can be shown that there had been a violation of the articles on discovery, for this Court to reverse a convic *475 tion based on a violation, the defendant must show that he was prejudiced by the adverse ruling on the sanction requested. State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Norwood, 396 So.2d 1307 (La.1981).
In State v. Smith, 430 So.2d 31 (La.1983), the state had also failed to serve the defendant with written notice as provided by Article 727B. The Court agreed with the trial court’s ruling that Article 727 was designed to prevent surprise. That Court also held that the defendant was neither surprised nor prejudiced by the state’s failure to disclose the victim’s name and address in a written notice of alibi. In that case, as in the present case, testimony as to the details of the offense was given at the preliminary examination by a police officer, as related to him by the victim. Defendant was therefore aware of the allegations of the victim; we therefore reject his contention that insufficient notice was given to him that Ms. Skinner and Detective Rogers would testify.
In any event, defendant has shown no prejudice. He does not show the use of any unexpected testimony. He fully cross-examined both of the witnesses and had the opportunity to present exculpatory evidence.
The defendant erroneously argues that, in the absence of any justification by the state for not supplying the notice, the testimony must be excluded. While this is indeed a factor to be considered, the courts of this state, as pointed out above, have repeatedly held that the defendant must show that he was prejudiced by the court’s failure to exclude such evidence before a conviction will be reversed. Hence, the trial court did not abuse the discretion afforded to it by La.C.Cr.P. art. 727D in allowing Ms. Skinner and Detective Rogers to testify. These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defendant contends that the verdict of guilty was not supported by the law and the evidence.
He argues that the only evidence tending to link the defendant to the crime was the video tape and the identification of him by Carolyn Skinner.
The defendant correctly submits that the standard to be applied on such a review is established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence is to be considered in a light most favorable to the prosecution to determine whether any rational trier of fact could have found guilt beyond a reasonable doubt. See also State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
The evidence in the instant case, when viewed in a light most favorable to the prosecution, shows that Carolyn Skinner, the victim, saw the defendant face-to-face during the commission of the crime, picked him out of a photographic lineup, and positively identified him in court. This direct eyewitness evidence was further supported by the jury’s view of a video tape replay of the actual occurrence of the offense.
Thus, there was ample direct evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. The assignment is without merit.
For the above and foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.